HUGHES v. SWEENEY ET AL.

1. Practice in Supreme Court: CONFLICTING EVIDENCE TO SUSTAIN FINDING OF COURT. This court will not interfere with the finding of a court or jury upon a question of fact where the finding is based upon conflicting evidence.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, OCTOBER 7.

THIS is an action to recover the rental of a lot in the city of Burlington, the possession of which plaintiff alleges the defendants wrongfully and willfully retained after the expiration of a lease. There was a trial to the court, and judgment was rendered for the plaintiff for less than the amount demanded in the petition. Plaintiff appeals.

*Hall & Huston*, for appellant.

*John C. Power*, for appellees.

ROTHROCK, J.—The plaintiff, being a minor, made a lease through his guardian, by which he leased the lot to the defendants. The lease commenced April 1, 1871, and ended March 31, 1882. The lessees were to pay as rent $250 per year for the first, second and third years; $300 for the fourth, fifth and sixth years; $400 for the seventh, eighth and ninth years: and $475 for the tenth and eleventh years. The defendants covenanted to erect buildings upon the lot at a cost of not less than $6,000. At the expiration of the lease the plaintiff was to have the privilege of purchasing the buildings from the defendants. In case the parties should not agree upon the terms of purchase, appraisers were to be appointed, who should estimate the value of the lot, and of the buildings and improvements separately, and plaintiff was to have the privilege of buying the improvements at the appraised value. If the parties should not agree and arrange said matters upon the basis of the appraisement, then the whole property was to be sold, and the proceeds were to be divided *pro rata*. It was further stipulated that, if the parties could not agree upon a final settlement at the expiration of said lease, (March 31, 1882,) then the lease should be extended until the plaintiff became twenty-one years of age, at the rate of $500 per year, and by consent of parties the lease was extended until the plaintiff became twenty-one years of age, which was October 29, 1882. An appraisement was afterwards made, and on the nineteenth day of January, 1883, the plaintiff exercised his right to purchase the buildings and improvements. He claims that he was entitled to the possession of the property on the twenty-ninth day of October, 1882, and that the defendants should pay him the rental value from that time until the nineteenth day of January, 1883, the date when he came into possession by reason of his purchase.

The defendants claim that they held the possession of the property after the twenty-ninth day of October under a verbal contract made by the plaintiff, by which they were to pay him rent at the rate of $500 per year. The court found with the

defendants on this question of fact, and it is this finding of which the plaintiff complains.

We have examined the evidence, and our conclusion is that the finding of the court is not without support therefrom, and we cannot interfere with the finding of a court or jury upon a question of fact, where the finding is based upon conflicting evidence.

AFFIRMED.